**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| STEPHEN Y. CHAN,<br>RON KATZ,<br>KEVIN LYLE,<br>SARAH MAXTED,<br>TIMOTHY MAXED,<br>GORDON KYLE,<br>EMMA KYLE,<br>CHRIS BURKE,<br>MARGARET BURKE,<br>GERRY TAGGART,<br>PHILLIP SHOVLIN,<br>JEFF JONES,<br>ANDREW FORSYTH,<br>LINDA FORSYTH,<br>ERIC GRIPENTROG,<br>WENDY GRIPENTROG,<br><br>Plaintiffs,<br><br>v.<br><br>WORLDQUEST RESORT PARTNERS, LLC, a Florida limited liability company, William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel,<br><br>Defendants. | ) | Case No.: 6:08-cv-1988-Orl-18KRS |

## FIRST AMENDED COMPLAINT

Plaintiffs, Stephen Y. Chan, Ron Katz, Kevin Lyle, Sarah Maxted, Timothy Maxted, Gordon Kyle, Emma Kyle, Chris Burke, Margaret Burke, Gerry Taggart, Phillip Shovlin, Jeff Jones, Andrew Forsyth, Linda Forsyth, Eric Gripentrog, and Wendy Gripentrog, by and through undersigned counsel, bring this action against Defendants, Worldquest Resort Partners, LLC, a Florida limited liability company, William Barrett,

Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel, and allege:

**Jurisdiction, Venue and the Parties**

1. This is an action arising under the laws of the United States pursuant to 28 U.S.C. Sec. 1331, federal question jurisdiction, including claims under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. Sec. 1703 et. seq. and the Securities Act of 1933, 15 U.S.C. Sections 77e, 77l and 77o. This is an action for damages exceeding $75,000.00 exclusive of interest, costs and attorney's fees.

2. Defendant Worldquest Resort Partners, LLC is a Florida limited liability company ("Worldquest"), is a citizen of the State of Florida, and is doing business and maintains an office in Winter Park, Orange County, Florida.

3. The condominium development and properties which are the subject of this case are located in Orlando, Orange County, Florida. The parties entered into the contracts involved in this case in Orange County, Florida.

4. The individual Plaintiffs are foreign nationals who reside and work in the United Kingdom with the exception of Eric and Wendy Gripentrog who reside and work in the State of Michigan, and Stephen Y. Chan who resides and works in California, and Ron Katz who resides and works in Israel.

5. Worldquest's sole Member (owner) is Jordan Development Group, LLC, a Florida limited liability company ("Jordan Development"), which is then solely owned by four Florida corporations as follows: Defendant William Barrett is the sole shareholder of Windswept J.D.I. Inc., a Florida corporation, which is one of the four Members

(owners) of Jordan Development which is the sole Member (owner) of Worldquest. Defendant Malcomb Barrett is the sole shareholder of M.W. Barrett Holding Corporation, a Florida corporation, which is one of the four Members (owners) of Jordan Development which is the sole Member (owner) of Worldquest. Defendant Edward Barrett is the sole shareholder of Cora Holding Corporation, a Florida corporation, which is one of the four Members (owners) of Jordan Development which is the sole Member (owner) of Worldquest. Defendant Larry Williams is the sole shareholder of L.W. Williams Corporation, a Florida corporation, which is one of the four Members (owners) of Jordan Development which is the sole Member (owner) of Worldquest. Jordan Development was the sole Managing Member of Worldquest. Defendants Tom Bennett, Larry Williams, Gregory Lee, Stuart Kinny, and Jim Teel were officer and director level Managers for Worldquest.

**The Contracts**

6. Worldquest is the developer and seller of the condominium units at Worldquest Resort, which Worldquest described as a "Condominium." Plaintiffs are buyers of condominium units at Worldquest Resort, pursuant to the contracts described below. Said condominium is a hotel condominium.

7. On November 29, 2005, Plaintiff Stephen Y. Chan signed the Condominium Unit Purchase Agreement attached hereto as Exhibit A, for the purchase and sale of unit 6/201 at Worldquest Resort, and paid deposits of $84,000.00. Defendant signed said contract as the seller and developer, and the contract was thereafter closed.

8. On September 26, 2005, Plaintiff Ron Katz signed the Condominium Unit Purchase Agreement attached hereto as Exhibit B, for the purchase and sale of unit 6/203 at Worldquest Resort, and paid deposits of $72,000.00. Defendant signed said contract as the seller and developer, and the contract was thereafter closed.

9. On June 21, 2004, Plaintiff Kevin Lyle signed the Condominium Unit Purchase Agreement attached hereto as Exhibit C, for the purchase and sale of unit 4/105 at Worldquest Resort, and paid deposits of $67,200.00. Defendant signed said contract as the seller and developer, and the contract was thereafter closed.

10. On June 4, 2004, Plaintiffs Timothy Maxted and Sarah Maxted signed the Condominium Unit Purchase Agreement attached hereto as Exhibit D, for the purchase and sale of unit 3/407 at Worldquest Resort, and paid deposits of $47,000.00. Defendant signed said contract as the seller and developer, and the contract was thereafter closed.

11. On June 4, 2004, Plaintiffs Gordon Kyle and Emma Kyle signed the Condominium Unit Purchase Agreement attached hereto as Exhibit E, for the purchase and sale of unit 2/405 at Worldquest Resort, and paid deposits of $48,000.00. Worldquest signed said contract as the seller and developer, and the contract was thereafter closed.

12. On September 11, 2005, Plaintiffs Chris Burke and Margaret Burke signed the Condominium Unit Purchase Agreement attached hereto as Exhibit F, for the purchase and sale of unit 4/404 at Worldquest Resort, and paid deposits of $80,750.00. Worldquest signed said contract as the seller and developer; the contract was not thereafter closed.

13. On June 16, 2004 and June 5, 2004, Plaintiff Gerry Taggart signed the Condominium Unit Purchase Agreements attached hereto as Exhibit G, for the purchase and sale of units 3/202 and 1/405 at Worldquest Resort, and paid deposits of $56,500.00 and $44,550.00. Worldquest signed said contracts as the seller and developer, and the contracts were thereafter closed.

14. On June 9, 2004, Plaintiff Phillip Shovlin signed the Condominium Unit Purchase Agreements attached hereto as Exhibit H, for the purchase and sale of units 2/302, 3/103, 3/203, 3/206, 3/303, 3/306, 3/506, 1/102, 3/402 at Worldquest Resort, and paid total deposits for these units in the amount of $450,000.00. Worldquest signed said contracts as the seller and developer, and the contracts were thereafter closed.

15. On October 18, 2005, Plaintiff Jeff Jones signed the Condominium Unit Purchase Agreements attached hereto as Exhibit I, for the purchase and sale of units 1/304 and 1/107 at Worldquest Resort, and paid deposits of $59,400.00 and $56,500.00. Worldquest signed said contracts as the seller and developer, and the contracts were thereafter closed.

16. Between October 18th and 28th of 2005, Plaintiffs Andrew Forsyth and Linda Forsyth signed the Condominium Unit Purchase Agreement attached hereto as Exhibit J, for the purchase and sale of unit 6/405 at Worldquest Resort, and paid deposits of $86,000.00. Worldquest signed said contract as the seller and developer, and the contract was thereafter closed.

17. On October 14, 2005, Plaintiffs Eric Gripentrog and Wendy Gripentrog signed the Condominium Unit Purchase Agreement attached hereto as Exhibit K, for the

purchase and sale of unit 5/205 at Worldquest Resort, and paid deposits of $82,500.00. Worldquest signed said contract as the seller and developer, and the contract was thereafter closed.

18. Plaintiffs have retained the undersigned attorney to represent them in this proceeding and have become obligated to pay the undersigned a reasonable fee for said representation and to reimburse the undersigned law firm for all costs and expenses of litigation.

**COUNT I**
**Violation of the Interstate Land Sales Full Disclosure Act**
**15 U.S.C. Sec. 1703**

19. Plaintiffs reincorporate herein all allegations of paragraphs 1 through 18 above as if fully set forth herein.

20. Worldquest is a developer as defined by 15 U.S.C. Sec. 1701(5) of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), and Plaintiffs are purchasers as defined by ILSA, Section 1701(10).

21. ILSFDA applies to the sale of condominiums. 15 U.S.C. Sec. 1702, 24 C.F.R. 1710.1(b), 61 Fed. Reg. 13,602.

22. All Plaintiffs purchased condominiums from Worldquest at the Worldquest Resort, and Worldquest developed and sold said condominiums to Plaintiffs, as referenced in the above described contracts. The Worldquest Resort development consists of well over 100 units of condominiums.

23. Pursuant to ILSFDA, a developer who makes use of any means or instruments of transportation or communication in interstate commerce, or of the mails,

in connection with the sale of lots in a subdivision, which includes units in a condominium, must give each purchaser a printed Property Report, as that term is defined by ILSFDA, prior to the time when the purchaser signs the contract or agreement of purchase and sale. 15 U.S.C. Sec. 1703.

24. Worldquest made use of several means and instruments of transportation and communication in interstate commerce, and of the mails, in connection with the sale to Plaintiffs of the condominium units referenced in the above described contracts. Worldquest did not give any of the Plaintiffs a printed Property Report prior to the time when Plaintiffs signed their contracts, as required by, and in violation of ILSA.

25. Pursuant to ILSFDA, 15 U.S.C. Section 1703(c), as a result of the failure to furnish a Property Report to Plaintiffs, Worldquest was required to clearly provide in the contracts that Plaintiffs had the right to revoke the contracts at the option of Plaintiffs within 2 years of signing the contracts. Worldquest did not clearly provide said right in the contracts as required by, and in violation of ILSFDA.

26. Pursuant to ILSFDA, 15 U.S.C. Section 1703(b), Worldquest was required to clearly provide in the contracts that Plaintiffs had the right to revoke the contracts until midnight of the seventh day following the signing of the contracts. Worldquest failed to clearly provide this right to Plaintiffs in the contracts, as required by, and in violation of ILSFDA.

27. Worldquest failed to qualify for any of the exemptions under ILSFDA, 15 U.S.C. Sec. 1702.

28. Worldquest failed to obligate itself, pursuant to the terms of the contracts, to complete construction of the condominium buildings within a period of two (2) years from the date when Plaintiffs signed the contracts. Worldquest limited Plaintiffs' remedies under the contracts in the event of Worldquest's breach or default, in violation of ILSFDA, thereby making any alleged obligation to complete the buildings within two (2) years illusory.

29. Under ILSFDA, 15 U.S.C. Sec. 1703, as a result of Worldquest's failure to give the Plaintiffs a Property Report prior to the time when Plaintiffs signed the contracts, Plaintiffs may revoke the contracts and are entitled to rescission of the contracts and the return of all money paid pursuant to the contracts including all deposits plus attorney's fees and interest on the deposit amounts. As a result of the above violations of ILSFDA, Plaintiffs have suffered damages, including but not limited to the deposits paid on the contracts, down payments on the purchase of the properties, consideration paid at closing on the properties, closing costs, mortgage interest payments, association and maintenance payments, exposure to or judgments of mortgage loan deficiency liability, and interest on the deposit funds, court costs, and attorney fees.

WHEREFORE, Plaintiff Stephen Y. Chan demands judgment against Worldquest for revocation of the contract, rescission of the contract, damages, return of all deposits paid, as described above, interest on the deposit amounts, and attorney's fees and costs, and such other and further relief as this Court deems just and proper.

**COUNT II**
**Violation of the Interstate Land Sales Full Disclosure Act**
**15 U.S.C. Sec. 1703**

30. Plaintiffs reincorporate herein all allegations of paragraphs 1 through 18 above as if fully set forth herein.

31. Worldquest is a developer as defined by 15 U.S.C. Sec. 1701(5) of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), and Plaintiffs are purchasers as defined by ILSA, Section 1701(10).

32. ILSFDA applies to the sale of condominiums. 15 U.S.C. Sec. 1702, 24 C.F.R. 1710.1(b), 61 Fed. Reg. 13,602.

33. All Plaintiffs purchased condominiums from Worldquest at the Worldquest Resort, and Worldquest developed and sold said condominiums to Plaintiffs, as referenced in the above described contracts. The Worldquest Resort development consists of well over 100 units of condominiums.

34. Pursuant to ILSFDA, it is unlawful for a developer who makes use of any means or instruments of transportation or communication in interstate commerce, or of the mails, in connection with the sale of lots in a subdivision, which includes units in a condominium, to employ any device, scheme or artifice to defraud; or to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made not misleading with respect to information pertaining to a lot or condominium; or to engage in any transaction, practice or course of business which operates as a fraud on a purchaser. 15 U.S.C. Sec. 1703(a)(2)(A)-(C).

35. Worldquest made use of several means and instruments of transportation and communication in interstate commerce, and of the mails, in connection with the sale to Plaintiffs of the condominium units referenced in the above described contracts.

36. In all of the contracts described above, and in instruments, disclosures and materials given to Plaintiffs prior to the time when Plaintiffs signed the contracts, Worldquest represented the Worldquest Resort to be a "condominium" when in fact the Worldquest Resort is a hotel condominium, and was a hotel condominium when the contracts were signed and when the pre-contract instruments, disclosures and materials were given to Plaintiffs by Worldquest.

37. The statements by Worldquest in the contracts, and in instruments, disclosures and materials given to Plaintiffs prior to the time when Plaintiffs signed the contracts, describing Worldquest Resort as a "condominium" was a device, scheme and artifice to defraud Plaintiffs. Said statements by Worldquest were false, and Worldquest knew that said statements were false. Worldquest knew that the Worldquest Resort was in fact a hotel condominium.

38. The statements by Worldquest in the contracts, and in instruments, disclosures and materials given to Plaintiffs prior to the time when Plaintiffs signed the contracts, describing the Worldquest Resort as a "condominium" were untrue statements of material fact to obtain Plaintiffs' money. Said statements by Worldquest were false, and Worldquest knew that said statements were false. Wolrdquest knew that the Worldquest Resort was in fact a hotel condominium.

39. The statements by Worldquest in the contracts, and in instruments, disclosures and materials given to Plaintiffs prior to the time when Plaintiffs signed the contracts, describing Worldquest Resort as a "condominium," considered together with the fact that the development was a hotel condominium, amounts to omissions to state a material fact necessary in order to make the statements made not misleading. Worldquest knew that said statements were false and misleading. Worldquest knew that the Worldquest Resort was in fact a hotel condominium.

40. Plaintiffs relied to their detriment on the statements of Worldquest describing the Worldquest Resort as a "condominium." Worldquest knew that Plaintiffs were seeking financing for the purchases, and Worldquest knew that financing is more difficult for a hotel condominium than financing for a condominium. Plaintiffs entered into the contracts with an understanding that they would seek financing for a "condominium" purchase, when the buildings approached completion, and not for a hotel condominium. Worldquest knew that the market for re-sale of a hotel condominium is much more restricted as compared to the market for re-sale of a condominium.

41. Worldquest failed to qualify for any of the exemptions under ILSFDA, 15 U.S.C. Sec. 1702.

42. Worldquest failed to obligate itself, pursuant to the terms of the contracts, to complete construction of the condominium buildings within a period of two (2) years from the date when Plaintiffs signed the contracts. Worldquest limited Plaintiffs remedies under the contracts in the event of Worldquest's breach or default, in violation of

ILSFDA, thereby making any alleged obligation to complete the buildings within two (2) years illusory.

43. As a result of the above violations of ILSFDA, 15 U.S.C. Sec. 1703(a)(2)(A)-(C), Plaintiffs may revoke the contracts and are entitled to rescission of the contracts and the return of all money paid pursuant to the contracts including all deposits plus attorney's fees and interest on the deposit amounts. As a result of the above violations of ILSFDA, Plaintiffs have suffered damages, including but not limited to the deposits paid on the contracts, down payments on the purchase of the properties, consideration paid at closing on the properties, closing costs, mortgage interest payments, association and maintenance payments, exposure to or judgments of mortgage loan deficiency liability, and interest on the deposit funds, court costs, and attorney fees.

WHEREFORE, Plaintiffs demand judgment against Worldquest for revocation of the contracts, rescission of the contracts, damages, return of all deposits and consideration paid by each of the Plaintiffs, as described above, interest on the deposit amounts, and attorney's fees and costs, and such other and further relief as this Court deems just and proper.

**COUNT III**
**Violation of Securities Act of 1933 & Securities Exchange Act of 1934**

44. Plaintiffs reincorporate herein all allegations of paragraphs 1 through 18 above as if fully set forth herein.

45. The contracts executed by Plaintiffs and Worldquest are securities as defined by 15 U.S.C. Sec. 77b(a)(1), SEC Release No. 33-5347, January 4, 1973, 38 F.R.

1735, and SEC Release No. 33-5382, April 9, 1973, 38 F.R. 9587. The contracts involved the purchase and sale of hotel condominiums.

46. Worldquest is a "person" as that term is defined by 15 U.S.C. Section 77b(a)(2). Defendants William Barrett, Malcomb Barrett, Edward Barrett, and Larry Williams, are each a "person" as that term is defined by 15 U.S.C. Section 77b(a)(2). Defendants William Barrett, Malcomb Barrett, Edward Barrett, and Larry Williams, are each a "controlling person" as that term is defined by 15 U.S.C. 77o.

47. Pursuant to 15 U.S.C. Sec. 77e, it is unlawful for any person to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell, or offer to sell, a security through the use or medium of any prospectus or otherwise unless a registration statement is filed and in effect as to said security.

48. Worldquest made use of means and instruments of transportation and communication in interstate commerce and of the mails to offer and sell the contracts and hotel condominiums to Plaintiffs.

49. Worldquest failed to file a registration statement pursuant to the Securities Act of 1933 in violation of 15 U.S.C. Sec. 77e. prior to when the Plaintiffs paid their first deposits or prior to when Plaintiffs paid further deposits. Worldquest failed to file a registration statement pursuant to the Securities Act of 1933 in violation of 15 U.S.C. Sec. 77e. either prior to or after the signing of the contracts or payment by Plaintiffs of deposits.

50. Pursuant to 15 U.S.C. 77l, any person who offers or sells a security in violation of Section 77e shall be liable to the person purchasing the security to recover the consideration paid for said security with interest upon the tender of such security.

51. Each of the Plaintiffs has tendered or does hereby tender the return of his or her contract and deed, and requested or does hereby request Worldquest to return all deposits and consideration paid, but Worldquest has refused to return the deposits.

52. The contracts entered into by Plaintiffs are investment contracts. The condominium development at issue in this case is a hotel condominium. The contracts required and led Plaintiffs to invest their money in a common enterprise whereby Plaintiffs were led to expect profits including, and not limited to, revenues from the rental of the units, solely from the efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel management company called World Quest Resort Rental Management, LLC, a Florida limited liability company, or Remington Hotels. An example form of the hotel condominium management agreement offered to Plaintiffs by Worldquest and others, and a News Release dated May, 2005 describing the development as a hotel condominium, are attached hereto as Exhibit L. The offering of the contracts and hotel condominium units by Worldquest to Plaintiffs involved offerings of profit sharing agreements and arrangements, and involved offerings of the opportunity to participate in said agreements and arrangements, whereby Plaintiffs may earn a return on their investments through the management efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel management company called World Quest Resort Rental Management, LLC, a Florida

limited liability company, or Remington Hotels. An example of a profit projection prepared and provided by Worldquest, similar to the projection provided to all Plaintiffs, is attached hereto as Exhibit M. Pursuant to the offerings, Plaintiffs are dependent upon the efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel management company called World Quest Resort Rental Management, LLC, a Florida limited liability company, or Remington Hotels, to make a profit and are at risk of financial losses.

53. Defendants William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel participated in the negotiation of, and arrangements for, and promotion and marketing for, the sales of the securities, and as a result thereof were "sellers" of the securities within the meaning of Section 77e.

54. Pursuant to 15 U.S.C. Sec 77o, "every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under Sections 77k or 77l…shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable…" Defendants William Barrett, Malcomb Barrett, Edward Barrett, and Larry Williams were and are controlling persons under Sec. 77o. Defendants William Barrett, Malcomb Barrett, Edward Barrett, and Larry Williams control Worldquest by or through stock ownership, agency, or otherwise, or pursuant to

or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise.

55. As a result of the foregoing and Defendants' violations of the Securities Act, Plaintiffs have suffered damages, including but not limited to the deposits paid on the contracts, down payments on the purchase of the properties, consideration paid at closing on the properties, closing costs, mortgage interest payments, association and maintenance payments, exposure to or judgments of mortgage loan deficiency liability, and interest on the deposit funds, court costs, and attorney fees.

WHEREFORE, Plaintiffs demand judgment against Defendant Worldquest and William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel for revocation of the contracts, rescission of the contracts, damages, return of all deposits and consideration paid by each of the Plaintiffs, as described above, interest on the deposit amounts, and attorney's fees and costs, and such other and further relief as this Court deems just and proper.

**COUNT IV**
**Violation of Securities Act of 1933 & Securities Exchange Act of 1934**

56. Plaintiffs reincorporate herein all allegations of paragraphs 1 through 18 above as if fully set forth herein.

57. The contracts executed by Plaintiffs and Worldquest are securities as defined by 15 U.S.C. Sec. 77b(a)(1), SEC Release No. 33-5347, January 4, 1973, 38 F.R. 1735, and SEC Release No. 33-5382, April 9, 1973, 38 F.R. 9587. The contracts involved the purchase and sale of hotel condominiums.

58. Worldquest is a "person" as that term is defined by 15 U.S.C. Section 77b(a)(2). Defendants William Barrett, Malcomb Barrett, Edward Barrett, and Larry Williams are each a "person" as that term is defined by 15 U.S.C. Section 77b(a)(2). Defendants William Barrett, Malcomb Barrett, Edward Barrett, and Larry Williams are each a "controlling person" as that term is defined by 15 U.S.C. 77o.

59. Pursuant to 15 U.S.C. Sec. 77l(2), any person who offers or sells a security … by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable, subject to subsection (b) of this section, to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

60. Worldquest made use of means and instruments of transportation and communication in interstate commerce and of the mails to offer and sell the contracts and hotel condominiums to Plaintiffs, by means of a prospectus and oral communications, which included an untrue statement of a material fact or omitted to state a material fact

necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading. In the Prospectus for Worldquest Resort and in all of the contracts described above, and in instruments, disclosures and materials given to Plaintiffs prior to the time when Plaintiffs signed the contracts, Worldquest represented the Worldquest Resort to be a "condominium" when in fact the Worldquest Resort is a hotel condominium, and was a hotel condominium when the contracts were signed, when the pre-contract instruments, disclosures and materials were given to Plaintiffs by Worldquest, and when the Prospectus was given to Plaintiffs by Worldquest.

61. Worldquest knew, or should have known with the exercise of reasonable care, that the statements in the Prospectus and contracts, pre-contract instruments, disclosures and materials, representing the Worldquest Resort property to be a condominium were false and misleading. Worldquest knew, or should have known with the exercise of reasonable care, that the omission to include statements in the Prospectus and contracts, pre-contract instruments, disclosures and materials, describing the Worldquest Resort property to be a hotel condominium was misleading. Worldquest knew, at all material times, that the Worldquest Resort property was in fact a hotel condominium.

62. The misrepresentation of the Worldquest Resort property to be a condominium, in the Prospectus and contracts, pre-contract instruments, disclosures and materials, was material, and the omission to include statements in the Prospectus and contracts, pre-contract instruments, disclosures and materials, describing the Worldquest Resort property to be a hotel condominium was material. Worldquest knew that Plaintiffs

were seeking financing for the purchases, and Worldquest knew that financing is more difficult for a hotel condominium than financing for a condominium. Plaintiffs entered into the contracts with an understanding that they would seek financing for a "condominium" purchase, when the buildings approached completion, and not for a hotel condominium. Worldquest knew that the market for re-sale of a hotel condominium is much more restricted as compared to the market for re-sale of a condominium. Plaintiffs relied to their detriment on the statements of Worldquest describing the Worldquest Resort as a "condominium."

63. Each of the Plaintiffs has tendered or does hereby tender the return of his or her contract and deed, and requested or does hereby request Worldquest to return all deposits and consideration paid, but Worldquest has refused to return the deposits.

64. The contracts entered into by Plaintiffs are investment contracts. The condominium development at issue in this case is a hotel condominium. The contracts required and led Plaintiffs to invest their money in a common enterprise whereby Plaintiffs were led to expect profits including, and not limited to, revenues from the rental of the units, solely from the efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel management company called World Quest Resort Rental Management, LLC, a Florida limited liability company, or Remington Hotels. An example form of the hotel condominium management agreement offered to Plaintiffs by Worldquest and others, and a News Release dated May, 2005 describing the development as a hotel condominium, are attached hereto as Exhibit L. The offering of the contracts and hotel condominium units by Worldquest to Plaintiffs

involved offerings of profit sharing agreements and arrangements, and involved offerings of the opportunity to participate in said agreements and arrangements, whereby Plaintiffs may earn a return on their investments through the management efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel management company called World Quest Resort Rental Management, LLC, a Florida limited liability company, or Remington Hotels. An example of a profit projection prepared and provided by Worldquest, similar to the projection provided to all Plaintiffs, is attached hereto as Exhibit M. Pursuant to the offerings, Plaintiffs are dependent upon the efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel management company called World Quest Resort Rental Management, LLC, a Florida limited liability company, or Remington Hotels, to make a profit and are at risk of financial losses.

65. Defendants William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel participated in the negotiation of, and arrangements for, and promotion and marketing for, the sales of the securities, and as a result thereof were "sellers" of the securities within the meaning of Section 77l.

66. Pursuant to 15 U.S.C. Sec 77o, "every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under Sections 77k or 77l…shall also be liable jointly and severally with and to the same extent as such controlled person to any person

to whom such controlled person is liable…" Defendants William Barrett, Malcomb Barrett, Edward Barrett, and Larry Williams were and are controlling persons under Sec. 77o. Defendants William Barrett, Malcomb Barrett, Edward Barrett, and Larry Williams control Worldquest by or through stock ownership, agency, or otherwise, or pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise.

67. As a result of the foregoing and Defendants' violations of the Securities Act, Plaintiffs have suffered damages, including but not limited to the deposits paid on the contracts, down payments on the purchase of the properties, consideration paid at closing on the properties, closing costs, mortgage interest payments, association and maintenance payments, exposure to or judgments of mortgage loan deficiency liability, and interest on the deposit funds, court costs, and attorney fees.

WHEREFORE, Plaintiffs demand judgment against Defendant Worldquest and William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel for revocation of the contracts, rescission of the contracts, damages, return of all deposits and consideration paid by each of the Plaintiffs, as described above, interest on the deposit amounts, and attorney's fees and costs, and such other and further relief as this Court deems just and proper.

**COUNT V**
**Violation of Florida Statutes, Chapter 517**

68. Plaintiffs reincorporate herein all allegations of paragraphs 1 through 18 above as if fully set forth herein.

69. The contracts executed by Plaintiffs and Worldquest are securities as

defined by Florida Statutes, Sec 517.021(21)(q). The contracts involved the purchase and sale of hotel condominiums.

70. Worldquest is a person and issuer as said terms are defined by Chapter 517, Florida Statutes. Defendants William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams and Tom Bennett are each a person and issuer as said terms are defined by Chapter 517, Florida Statutes. Defendants William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams and Tom Bennett are each a promoter, as said term is defined by Section 517.021(18) Florida Statutes, as a result of Defendants William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams and Tom Bennett having directly taken the initiative in founding and organizing the business and enterprise of Worldquest. Pursuant to Section 517.021(14) Florida Statutes, any person who acted as a promoter of Worldquest shall be deemed an issuer.

71. Florida Statutes, Sec. 517.07 precludes the sale or offering for sale of any security within the State of Florida unless a registration statement is filed and in effect. Pursuant to Sec. 517.12(1), no issuer shall sell or offer for sale any securities in or from an office in the State of Florida by mail or otherwise unless the person is registered with the State of Florida Office of Financial Regulation. The term “sale” means any contract of sale or disposition of any investment, security, or interest in a security, for value. Sec. 517.021(20).

72. The contracts entered into by Plaintiffs are investment contracts. The condominium development at issue in this case is a hotel condominium. The contracts required and led Plaintiffs to invest their money in a common enterprise whereby

Plaintiffs were led to expect profits including, and not limited to, revenues from the rental of the units, solely from the efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel management company called World Quest Resort Rental Management, LLC, a Florida limited liability company, or Remington Hotels. An example form of the hotel condominium management agreement offered to Plaintiffs by Worldquest and others, and a News Release dated May, 2005 describing the development as a hotel condominium, are attached hereto as Exhibit L. The offering of the contracts and hotel condominium units by Worldquest to Plaintiffs involved offerings of profit sharing agreements and arrangements, and involved offerings of the opportunity to participate in said agreements and arrangements, whereby Plaintiffs may earn a return on their investments through the management efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel management company called World Quest Resort Rental Management, LLC, a Florida limited liability company, or Remington Hotels. An example of a profit projection prepared and provided by Worldquest, similar to the projection provided to all Plaintiffs, is attached hereto as Exhibit M. Pursuant to the offerings, Plaintiffs are dependent upon the efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel management company called World Quest Resort Rental Management, LLC, a Florida limited liability company, or Remington Hotels, to make a profit and are at risk of financial losses.

73. The contracts entered into by Plaintiffs are not exempt from the requirements of Chapter 517, Florida Statutes.

74. Worldquest failed to register the contracts and offerings pursuant to Chapter 517, Florida Statutes, in violation thereof.

75. Worldquest failed to obtain a permit to sell securities pursuant to Chapter 517, Florida Statutes, or otherwise register with the State of Florida Office of Financial Regulation, in violation of thereof.

76. Pursuant to Sec. 517.211(1) any sale made in violation of Sec. 517.07 or 517.12(1) may be rescinded at the election of the purchaser. Pursuant to Sec. 517.211(1), Worldquest and its officers, directors, partners and agents, who personally participated or aided in making the sales, are jointly and severally liable to Plaintiffs. Pursuant to Sec. 517.241(3) Plaintiffs are entitled to the civil remedies provided by federal securities codes including interest on the deposits to be returned.

77. Defendants William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel are officers, partners or managing agents of and for Worldquest, who personally participated and aided in making the sales. Defendants William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel participated in the negotiation of, and arrangements for, and promotion and marketing for, the sales.

78. Each of the Plaintiffs has tendered or does hereby tender the return of his or her contract and deed, and requested or does hereby request Worldquest to return all deposits and consideration paid, but Worldquest has refused to return the deposits.

79. As a result of the foregoing and Defendants' violations of Chapter 517, Florida Statutes, Plaintiffs hereby rescind the contracts, and have suffered damages

including the deposits and consideration paid on the contracts, interest on the deposit funds, court costs, and attorney fees. As a result of the foregoing and Defendants' violations of Chapter 517, Florida Statutes, Plaintiffs have suffered damages, including but not limited to the deposits paid on the contracts, down payments on the purchase of the properties, consideration paid at closing on the properties, closing costs, mortgage interest payments, association and maintenance payments, exposure to or judgments of mortgage loan deficiency liability, and interest on the deposit funds, court costs, and attorney fees.

WHEREFORE, Plaintiffs demand judgment against Defendants Worldquest and William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel for revocation of the contracts, rescission of the contracts, damages, return of all deposits and consideration paid by each of the Plaintiffs, as described above, interest on the deposit amounts, and attorney's fees and costs, and such other and further relief as this Court deems just and proper.

**COUNT VI**
**Violation of Florida Statutes, § 517.301**

80. Plaintiffs reincorporate herein all allegations of paragraphs 1 through 18 above as if fully set forth herein.

81. The contracts executed by Plaintiffs and Worldquest are securities as defined by Florida Statutes, Sec 517.021(21)(q). The contracts involved the purchase and sale of hotel condominiums.

82. Worldquest is a person and issuer as said terms are defined by Chapter 517, Florida Statutes. Defendants William Barrett, Malcomb Barrett, Edward Barrett,

Larry Williams, Tom Bennett are each a person and issuer as said terms are defined by Chapter 517, Florida Statutes. Defendants William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett are each a promoter, as said term is defined by Section 517.021(18) Florida Statutes, as a result of Defendants William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett having directly taken the initiative in founding and organizing the business and enterprise of Worldquest. Pursuant to Section 517.021(14) Florida Statutes, any person who acted as a promoter of Worldquest shall be deemed an issuer.

83. Florida Statutes, § 517.301 provides: "(1) It is unlawful and a violation of the provisions of this chapter for a person: (a) In connection with the rendering of any investment advice or in connection with the offer, sale, or purchase of any investment or security, … directly or indirectly: (1) To employ any device, scheme, or artifice to defraud; (2) To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person." The term "sale" means any contract of sale or disposition of any investment, security, or interest in a security, for value. Sec. 517.021(20).

84. Florida Statutes, § 517.211(2) provides: "Any person purchasing or selling a security in violation of § 517.301, and every director, officer, partner, or agent of or for the purchaser or seller, if the director, officer, partner, or agent has personally

participated or aided in making the sale or purchase, is jointly and severally liable to the person selling the security to or purchasing the security from such person in an action for rescission, if the plaintiff still owns the security, or for damages, if the plaintiff has sold the security." "In an action for rescission … a purchaser may recover the consideration paid for the security or investment, plus interest thereon at the legal rate, less the amount of any income received by the purchaser on the security or investment upon tender of the security or investment." Florida Statutes, § 517.211(3).

85. Worldquest offered and sold the contracts and hotel condominiums to Plaintiffs, by means of the contracts, the Prospectus and oral communications, which included untrue statements of a material fact or omitted to state material facts necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading. In the Prospectus for Worldquest Resort and in all of the contracts described above, and in instruments, disclosures and materials given to Plaintiffs prior to the time when Plaintiffs signed the contracts, Worldquest represented the Worldquest Resort to be a "condominium" when in fact the Worldquest Resort is a hotel condominium, and was a hotel condominium when the contracts were signed, when the pre-contract instruments, disclosures and materials were given to Plaintiffs by Worldquest, and when the Prospectus was given to Plaintiffs by Worldquest.

86. Worldquest knew, or should have known with the exercise of reasonable care, that the statements in the Prospectus and contracts, pre-contract instruments, disclosures and materials, representing the Worldquest Resort property to be a condominium were false and misleading. Worldquest knew, or should have known with

the exercise of reasonable care, that the omission to include statements in the Prospectus and contracts, pre-contract instruments, disclosures and materials, describing the Worldquest Resort property to be a hotel condominium was misleading. Worldquest knew, at all material times, that the Worldquest Resort property was in fact a hotel condominium.

87. The misrepresentation of the Worldquest Resort property to be a condominium, in the Prospectus and contracts, pre-contract instruments, disclosures and materials, was material, and the omission to include statements in the Prospectus and contracts, pre-contract instruments, disclosures and materials, describing the Worldquest Resort property to be a hotel condominium was material. Worldquest knew that Plaintiffs were seeking financing for the purchases, and Worldquest knew that financing is more difficult for a hotel condominium than financing for a condominium. Plaintiffs entered into the contracts with an understanding that they would seek financing for a "condominium" purchase, when the buildings approached completion, and not for a hotel condominium. Worldquest knew that the market for re-sale of a hotel condominium is much more restricted as compared to the market for re-sale of a condominium. Plaintiffs relied to their detriment on the statements of Worldquest describing the Worldquest Resort as a "condominium."

88. The statements by Worldquest in the contracts, in the Prospectus, and in instruments, disclosures and materials given to Plaintiffs prior to the time when Plaintiffs signed the contracts, misrepresenting Worldquest Resort as a "condominium" was a device, scheme and artifice to defraud Plaintiffs. Said statements by Worldquest were

false, and Worldquest knew that said statements were false. Worldquest knew that the Worldquest Resort was in fact a hotel condominium.

89. Worldquest's offer and sale of the contracts and hotel condominiums to Plaintiffs, by means of the contracts, the Prospectus and oral communications, which included misrepresentations that the Worldquest Resort was a condominium, were transactions which operated as a fraud and deceit upon Plaintiffs and amounted to a practice and course of business which operated as a fraud and deceit upon Plaintiffs.

90. The contracts entered into by Plaintiffs are investment contracts. The condominium development at issue in this case is a hotel condominium. The contracts required and led Plaintiffs to invest their money in a common enterprise whereby Plaintiffs were led to expect profits including, and not limited to, revenues from the rental of the units, solely from the efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel management company called World Quest Resort Rental Management, LLC, a Florida limited liability company, or Remington Hotels. An example form of the hotel condominium management agreement offered to Plaintiffs by Worldquest and others, and a News Release dated May, 2005 describing the development as a hotel condominium, are attached hereto as Exhibit L. The offering of the contracts and hotel condominium units by Worldquest to Plaintiffs involved offerings of profit sharing agreements and arrangements, and involved offerings of the opportunity to participate in said agreements and arrangements, whereby Plaintiffs may earn a return on their investments through the management efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel

management company called World Quest Resort Rental Management, LLC, a Florida limited liability company, or Remington Hotels. An example of a profit projection prepared and provided by Worldquest, similar to the projection provided to all Plaintiffs, is attached hereto as Exhibit M. Pursuant to the offerings, Plaintiffs are dependent upon the efforts of Worldquest or other third parties, designated or arranged for by Worldquest, including a third party hotel management company called World Quest Resort Rental Management, LLC, a Florida limited liability company, or Remington Hotels, to make a profit and are at risk of financial losses.

91. The contracts entered into by Plaintiffs are not exempt from the requirements of Chapter 517, Florida Statutes.

92. Defendants William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel are officers, partners or managing agents of and for Worldquest, who personally participated and aided in making the sales. Defendants William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel participated in the negotiation of, and arrangements for, and promotion and marketing for, the sales.

93. Each of the Plaintiffs has tendered or does hereby tender the return of his or her contract and deed, and requested or does hereby request Worldquest to return all deposits and consideration paid, but Worldquest has refused to return the deposits.

94. As a result of the foregoing and Defendants' violations of Chapter 517, Florida Statutes, Plaintiffs hereby rescind the contracts, and have suffered damages including the deposits and consideration paid on the contracts, interest on the deposit

funds, court costs, and attorney fees. As a result of the foregoing and Defendants' violations of Chapter 517, Florida Statutes, Plaintiffs have suffered damages, including but not limited to the deposits paid on the contracts, down payments on the purchase of the properties, consideration paid at closing on the properties, closing costs, mortgage interest payments, association and maintenance payments, exposure to or judgments of mortgage loan deficiency liability, and interest on the deposit funds, court costs, and attorney fees.

WHEREFORE, Plaintiffs demand judgment against Defendants Worldquest and William Barrett, Malcomb Barrett, Edward Barrett, Larry Williams, Tom Bennett, Gregory Lee, Stuart Kinny, and Jim Teel for revocation of the contracts, rescission of the contracts, damages, return of all deposits and consideration paid by each of the Plaintiffs, as described above, interest on the deposit amounts, and attorney's fees and costs, and such other and further relief as this Court deems just and proper.

**COUNT VII**
**Violation of Florida Statutes, Sec. 501.201 et seq., Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA")**

95. Plaintiffs reincorporate herein all allegations of paragraphs 1 through 18, 29 through 38, 40 through 52, 54 through 64, 66 through 76,78 through 88, 90 through 103, and 113 through 120, as if fully set forth herein.

96. Pursuant to Florida Statute, Sec. 501.202(2), the FDUPTA shall be construed liberally to promote protection of the consuming public from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

97. Pursuant to Florida Statutes, Sec. 501.203(3)(c), a violation of Chapter 501 means a violation of any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

98. The ILSFDA is a law which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. A violation of the ILSFDA is a per se violation of the FDUTPA. *Trotta v. Lighthouse Point Land Company, LLC*, 551 F. Supp. 2d 1359, 1367 (S.D. Fla. 2008). Worldquest violated the ILSFDA, and therefore violated the FDUTPA.

99. The Securities Act of 1933 and Securities Exchange Act of 1934 are laws which proscribe unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. Worldquest violated the Securities Act of 1933 and Securities Exchange Act of 1934, and therefore violated the FDUTPA.

100. Chapter 517, Florida Statutes, is a statute which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. Worldquest violated Chapter 517, Florida Statutes, and therefore violated the FDUTPA.

101. Chapter 718, Florida Statutes, was enacted to protect the public. *Asbury Arms Development Corporation v. Florida Department of Business Regulations, Division of Florida Land Sales and Condominiums*, 456 So. 2d 1291, 1293 (Fla. 2d DCA 1984). Worldquest violated Chapter 718, Florida Statutes, and therefore violated the FDUTPA.

102. Pursuant to Florida Statutes Sec. 501.211(1), Plaintiffs are entitled to bring an action to enjoin Defendant from violating the FDUTPA, and are entitled to bring an action to obtain a declaratory judgment that the conduct of Defendant violates the

FDUTPA. Plaintiffs are further entitled to recover damages, attorney's fees and costs. Sec. 501.211(2). As a result of the foregoing and Defendants' violations of Chapter 501, Florida Statutes, Plaintiffs have suffered damages, including but not limited to the deposits paid on the contracts, down payments on the purchase of the properties, consideration paid at closing on the properties, closing costs, mortgage interest payments, association and maintenance payments, exposure to or judgments of mortgage loan deficiency liability, and interest on the deposit funds, court costs, and attorney fees.

WHEREFORE, Plaintiffs demand judgment against Worldquest for declaratory judgment that the conduct of Worldquest violated and does violate the FDUTPA, injunctive relief requiring revocation and rescission of the contracts, injunctive relief requiring Worldquest to return all consideration paid in exchange for the return of any deeds which may have been delivered by Worldquest, damages, return of all deposits and consideration paid by each of the Plaintiffs, as described above, and attorney's fees and costs, and such other and further relief as this Court deems just and proper.

**COUNT VIII**
**Violation of Florida Statutes, Sec. 718.503**

103. Plaintiffs reincorporate herein all allegations of paragraphs 1 through 18 above as if fully set forth herein.

104. Worldquest Resort is a hotel condominium consisting of more than 100 units intended for use as temporary or permanent residential use, and as such is a residential condominium. Worldquest is the seller and developer of said hotel condominium.

105. Worldquest was required to prepare and deliver to Plaintiffs a prospectus and disclosure statement with all exhibits. Florida Statutes, Sections 718.504 and 718.503(1)(b). Pursuant to Sec. 718.503 Worldquest was required to deliver to Plaintiffs any amendments which materially altered or modified the offering in a manner adverse to Plaintiffs.

106. The contracts may be voided and Plaintiffs are entitled to the return of their deposits up until such time as when Worldquest has furnished the required documents. Florida Statutes, Sec. 718.503.

107. If the required documents are furnished to Plaintiffs by Worldquest, then the contracts may be voided by Plaintiffs within 15 days after the date of receipt of any amendment which materially alters or modifies the offering in a manner adverse to Plaintiffs. Florida Statutes, Sec. 718.503.

108. Worldquest delivered initial prospectus disclosures, but based upon information and belief, said prospectus, disclosures and offerings were amended in a manner which materially altered and modified the offering adversely to Plaintiffs, and Worldquest failed to deliver to Plaintiffs said amendments.

109. Plaintiffs notified Worldquest of their desire and intention to cancel the contracts and demanded return of their deposits, but Worldquest has refused.

110. Plaintiffs hereby exercise their right to void the contracts based upon Worldquest's violation of, and failure to comply with, Florida Statutes, Chapter 718.

111. As a result of the foregoing and Worldquest's violations of Chapter 718, Florida Statutes, Plaintiffs have suffered damages including the deposits paid on the contracts, interest on the deposit funds, court costs, and attorney fees.

WHEREFORE, Plaintiffs Chris Burke and Margaret Burke demand judgment against Worldquest for revocation of the contracts, rescission of the contracts, damages, return of all deposits paid, as described above, interest on the deposit amounts, and attorney's fees and costs, and such other and further relief as this Court deems just and proper.

**COUNT IX**
**Breach of Contract**

112. Plaintiffs reincorporate herein all allegations of paragraphs 1 through 18 above as if fully set forth herein.

113. This cause of action is alleged in the alternative to the foregoing alleged causes of action under Counts I through VIII above.

114. All conditions precedent to be performed by Plaintiffs under the contracts have been performed or they have occurred.

115. The contracts included a provision which allegedly obligated Worldquest to complete construction of the units within two years from the effective date of the contracts, and if the Court does not find this provision to have been illusory, then Worldquest was obligated to complete construction of the units within two years from the effective date of the contracts. Time was of the essence pursuant to the contracts.

116. Worldquest failed to complete construction of the condominium units within two years from the effective date of the contracts. Worldquest thereby breached the contracts.

117. As a result of the foregoing, Plaintiffs have suffered damages including the deposits paid on the contracts, interest on the deposit funds, court costs, and attorney fees.

WHEREFORE, Plaintiffs Chris Burke and Margaret Burke demand judgment against Worldquest for damages, return of all deposits paid, as described above, interest on the deposit amounts, and attorney's fees and costs, and such other and further relief as this Court deems just and proper.

By: /s/ Mark C. Rutecki

Mark C. Rutecki, Esq.
Florida Bar No. 899607
Attorney for Plaintiffs

**MARK RUTECKI & ASSOCIATES, P.A**.
1420 Celebration Boulevard, Suite 200
Celebration, Florida 34747
Office: (407) 566-9503
Fax: (407) 566-9506
E-mail: mark@rutecki.com