**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**PHILLIP SHOVLIN**

                      **Plaintiff,**

**-vs-**                                            **Case No. 6:08-cv-1988-Orl-22KRS**

**WORLDQUEST RESORT PARTNERS,
LLC,**

                      **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration before the Court following a status conference in this case and on Defendant's oral motion to Good dismiss the complaint with prejudice for failure of prosecution. The basis for the motion is as follows:

Counsel for Plaintiff Phillip Shovlin was granted leave to withdraw on December 3, 2009. Doc. No. 33. At that time, the Court ordered Shovlin to promptly notify the Court if he wished to dismiss his claim. *Id*. Shovlin did not file any notification with the Court.

On January 21, 2010, Defendant Worldquest Resort Partners, LLC filed a motion to compel Shovlin to participate in a good faith conference as well as attend the meeting to prepare the joint final pretrial statement, which meeting was ordered to occur on or before February 2, 2010 in the Case Management and Scheduling Order. Despite repeated attempts to contact Shovlin, Worldquest did not receive any response from Shovlin. The undersigned scheduled a status conference for February 1, 2010, and ordered Shovlin to attend the hearing in person. Doc. No. 37. Shovlin received notice

of the Order and Notice of Hearing; the UPS tracking number shows he received the notice on January 27, 2010. Shovlin was told in that order that failure to appear could result in sanctions, including the dismissal of his case under Federal Rule of Civil Procedure 16(f). Shovlin failed to appear at the hearing. Counsel for Worldquest appeared at the hearing and moved for dismissal of Shovlin's complaint with prejudice.

Federal Rule of Civil Procedure 16(f) provides, in pertinent part, as follows: "[i]f a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Federal Rule of Civil Procedure 37(b)(2)(B) permits the Court to "issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," which include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

It is undisputed that Shovlin did not comply with the Court's order to attend that status conference scheduled for February 1, 2010. He has received ample notice that disregard of the Court's order could result in the imposition of sanctions. Under these circumstances, it is evident that Shovlin has abandoned the case, and dismissal is warranted.

Worldquest requests that the complaint be dismissed with prejudice. The Court has the discretion under Rule 16(f) to grant that request. However, "courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits." *Ellison v. Abbe*, No. CV 108-161, 2009 WL 4781748, at *2 (S.D. Ga. Dec. 11, 2009). Dismissal with prejudice has been granted when a plaintiff failed to participate in case management conference, ignored all discovery requests, failed to appear for her deposition, failed to appear for multiple court

hearings, and failed to respond to lesser sanctions. *See, e.g., Clove v. Dollar Store*, No. 8:05CV1507 T17TBM, 2006 WL 3518563, *3 (M.D. Fla. Dec. 6, 2006).

Accordingly, I respectfully recommend that the Court to the following:

1. **DISMISS** Plaintiff Phillip Shovlin's amended complaint, Doc. No.16, with or without prejudice as the Court deems appropriate based on a review of the docket;

2. **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 1, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy